IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMMIE CARTER,

                         Plaintiff,

    v.

SANDRA M. ASHTON,
RYAN P. ARMSON, TRACY R.
KOPFHAMER, MIKE A. MORRISON,
JASEN B. MILLER, JOSEPH W.
CICHONIWICZ, TROY HERMANS,
CRAIG A. TOM and PHILIP J. KERCH,

                         Defendants.

ORDER

14-cv-399-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Several more motions are ready for review in this case in which plaintiff Tommie Carter is alleging that various prison officials used excessive force against him and refused to provide him medical care for injuries sustained as a result of that use of force. Dkt. ## 67, 68, 73 and 74. (Plaintiff filed a new motion that the court received on August 3, 2015, dkt. #80, but I am not addressing that motion because the parties have not finished briefing it.) Because some of these motions overlap, I will address them by subject matter rather than by the name of the particular motion. For the reasons discussed below, I am denying all of plaintiff's requests.

First, plaintiff says that staff at the "Records Department" are refusing to allow him to inspect "all incident reports that he request[ed] in his open records request." Dkt. # 67

1

at 1. In his opening brief, plaintiff does not identify the incident reports he has requested and he does not explain why he wants them. Further, as I explained to plaintiff in previous orders, my authority in this case is limited to discovery requests to *defendants* under the Federal Rules of Civil Procedure and subpoenas to third parties under Fed. R. Civ. P. 45. Dkt. #65 at 3 (June 11, 2015 order); dkt. #62 at 3 (May 1, 2015 order). I have no authority to order prison officials to comply with an open records request under state law.

In a reply brief, plaintiff says that he is seeking an incident report and an investigative report of the Division of Adult Institutions regarding the use of force on February 27, 2013 that gave rise to this case. Dkt. #72. If plaintiff has reason to believe that such reports exist, he should file a discovery request with *defendants* to review the reports because it is likely that defendants would have possession, custody or control of a report fitting that description. If defendants acknowledge the existence of a report, but refuse to produce it, then plaintiff can file a motion to compel on that issue.

Second, plaintiff says that defendants failed to attach certain exhibits to discovery responses, as defendants said they did. In response, defendants say that they provided all the exhibits identified, but they served plaintiff with same exhibits again anyway. Accordingly, this aspect of plaintiff's motions is moot.

Third, plaintiff says that staff on the health services unit "are refusing to allow [him] to inspect his medical file within the 30 day time line." Dkt. #67 at 4. However, plaintiff does not identify the officials responsible for the alleged refusals and he does not explain any of the surrounding circumstances. Even more important, he does not explain what he needs

to view in his medical file or why he wants to view it. Particularly because plaintiff has acknowledged in previous filings that he has had other opportunities to review his medical record, I decline to require defendants to take additional action without more specific information from plaintiff.

Fourth, he says that prison officials are not allowing him to use legal loans to make photocopies of legal documents. This is a more serious allegation, but it seems to be contradicted by plaintiff's own attachments to his motions, which include photocopied documents. In any event, plaintiff does not identify any particular document that he needs to copy but has been unable to do so.

Fifth, plaintiff says that defendants' counsel have a letter related to this case sent by another prisoner. However, plaintiff does not deny defendants' representation that he did not file a discovery request for the letter until June 30, 2015, which was only a few days before plaintiff filed his motion to compel. Dkt. #73. Because defendants had 30 days to respond to the request, Fed. R. Civ. P. 34(b)(2)(A), plaintiff's motion was premature. If defendants still have not responded to his request or they have refused to provide the requested document, plaintiff may renew his motion to compel.

Sixth, plaintiff says that the assistant for defense counsel is "committing felony crimes by counterfeiting and forgery[.] [S]he is altering letters so that it appears that the letters were made and signed by [counsel] when they were not." Dkt. #67. However, counsel has explained that his assistant signed the letters in question on his behalf and with his permission, so there was no "forgery." Dkt. #69.

3

Finally, plaintiff has renewed his motion for assistance in recruiting counsel. Dkt. #74. This time, plaintiff has complied with the requirement to submit rejection letters from at least three lawyers. The next question is whether plaintiff has shown that the complexity of the case exceeds his ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). In the order denying plaintiff's previous request for counsel, I noted that the case was relatively simple because it involved a single incident over a short period of time and does not necessarily require extensive discovery or expert knowledge. In addition, I noted that plaintiff is more than capable of being his own advocate, as is demonstrated by the many motions that he has filed on his own behalf. Dkt. #62 at 5.

In his new motion, plaintiff's primary argument is that he believes that he is mentally ill. In support of that argument, he cites a 2013 psychological evaluation regarding his competency to stand trial. Dkt. #74-1. However, my own review of that evaluation did not reveal any obvious reasons plaintiff cannot represent himself in this case. Although the psychologist gave plaintiff a diagnosis of "Personality Disorder NOS with Antisocial and Narcissistic Features," I do not see limitations in the evaluation related to plaintiff's ability to litigate. The psychologist found that plaintiff had average intellectual ability, id. at 9, and was capable of understanding the facts of his case, id. at 11.

The psychologist also concluded that plaintiff believed that various government officials as well as his own attorney were conspiring against him and that he had a tendency to engage in "self injurious behavior [as] an attempt to control or influence the environment or individuals in the environment." Id. at 10. Although these are findings are troubling, at

4

this stage of the proceedings, it is not clear how those concerns would prevent plaintiff from conducting discovery or submitting summary judgment submissions. If plaintiff's claims proceed to trial, he is free to renew his motion then. In the meantime, I encourage plaintiff to refrain from any further acts of self harm and to seek assistance from mental health staff if he believes he is at risk of harming himself.

ORDER

IT IS ORDERED that plaintiff Tommie Carter's motions at docket nos. 67, 68, 73 and 74 are DENIED.

Entered this 4th day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge